James DAVIS, Petitioner,

v.

**INTERNAL REVENUE SERVICE,**
**Respondent.**

No. 12mc22 MCA.

United States District Court,
D. New Mexico.

Nov. 8, 2012.

---

1254

James Davis, Raton, NM, pro se.

## ORDER STRIKING FILING AND CLOSING CASE

M. CHRISTINA ARMIJO, Chief Judge.

**THIS MATTER** comes before the Court *sua sponte*, under the Court's authority pursuant to FEDERAL RULE OF CIVIL PROCEDURE 83(b) to "regulate practice in any manner consistent with federal law," and under the Court's inherent power to regulate and control its civil docket. *See Stone v. I.N.S.*, 514 U.S. 386, 411, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)("we have long recognized that courts have inherent power to ... control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (internal quotation marks omitted).

On April 2, 2012, pro se "petitioner" James Davis filed with the Court an "Affidavit of Revocation and Rescission" in which he swears that he was "unaware" of the legal effect of having previously signed income-tax returns. Doc. 1 at 1. The next

seven pages of the affidavit are dedicated to espousing his alleged belief in tax-protestor rhetoric that has long been rejected by the Courts. *See United States v. Sasscer*, No. CIV. Y–97–3026, 2000 WL 1479154, *1 (D.Md. Aug. 25, 2000) (holding that arguments that defendant "is a 'nontaxpayer' due to his decision to rescind and revoke his consent to taxpayer status ... [with] a letter and affidavit filed with the IRS on April 13, 1985" in which he "proclaims that he is a 'freeman, a free sovereign individual' " ... in an "Affidavit of Revocation and Rescission" is a "well-worn argument has been uniformly repudiated by the federal courts."). Indeed, filing affidavits of this sort has become a popular strategy to attempt to avoid paying income taxes and was promoted, at a significant profit, by John B. Kotmair, who has been convicted of income-tax evasion and who has been ordered to stop selling his products, including the affidavits. *See United States v. Kotmair*, No. WMN–05cv1297, 2006 WL 4846388, *1 (D.Md. Nov. 29, 2006). Kotmair and his organization, Save–A–Patriot Fellowship ("SAPF"),

through its website, www.save-a-patriot. org, and other publications, ... informs its members of various products and services that it offers for sale. SAPF represents that these products and services, if used as SAPF instructs, will enable members to legally stop paying income tax on their "U.S.-source income." For example, SAPF sells to its members a document called an "Affidavit of Revocation and Rescission" which Defendants claim can be used to revoke the members' original applications for Social Security numbers. As a result of this "revocation," according to Defendants, the individual is no longer obligated to file income tax returns or to have taxes or Social Security contributions withheld from his or her earnings. SAPF also provides upon payment of an

established fee a "Statement of Citizenship" which members are instructed to give their employers to persuade those employers to stop withholding taxes from the SAPF member's wages.

. . . .

SAPF offers an "insurance-like" program that furnishes a financial incentive for its members to violate federal tax law. SAPF's "Member Handbook" explains that "[t]he Fellowship operates much like an insurance company in that members pledge under our Member Assistance Program (MAP) to reimburse other members should they suffer a loss of cash or property as a result of illegal IRS collection practices and confiscation." Handbook 4. Elsewhere, the Handbook outlines the losses covered under this program, either from criminal prosecutions or civil actions initiated by the IRS, and emphasizes that, to obtain these benefits, the "Member must prove they used every Court proceeding and delay tactic possible."

*Id.* at *1–*2 (citations omitted). The Court of Appeals for the Fourth Circuit affirmed the district court's order issuing a permanent injunction against Kotmair and SAPF, barring them from continuing to promote their tax-evasion scheme. *See United States v. Kotmair*, 234 Fed.Appx. 65, 66 (4th Cir.2007) (per curiam). Unfortunately, however, some individuals who apparently purchased or otherwise obtained the materials set up other websites that continue to promote and/or sell the products. *See Kotmair*, 2006 WL 4846388 at *3 (noting that other tax-protestor websites making similar claims were not under Kotmair's control); *id.* at *8 (noting that "the Third Circuit affirmed the issuance of an injunction against one of Kotmair's former employees, Thurston Bell, who owned and operated a rival website promoting the [same tax-protester] argument. *United States v. Bell*, 414 F.3d 474 (3rd Cir.2005). Because, like Defendants in the instant action, Bell used his website to entice the reader to pay to join his organization and to purchase advice and other products, the district court found that Bell was engaging in commercial speech.").

A brief search of the internet reveals the existence of peddlers of such materials who continue to seek a profit by selling Kotmair's forms and affidavits that Davis has used to attempt to avoid paying taxes. *See, e.g. IRSzoom.com* (offering to sell a "7 page Affidavit of Revocation and Rescission of SSN, to the Secretary of the Treasury, that revokes and rescinds your application for a social security number, thereby terminating your voluntary participation in the socialist ponzi pyramid scheme known as Social Security" for $40.00).

The Court will not permit Davis to further promote this tax-evasion scheme or to attempt to make this sham "affidavit" have some sort of legal effect by filing it in the docket of this Court. Further the "affidavit" does not fall into any category of pleadings allowed to be filed in this Court. *See* FED.R.CIV.P. 7 (listing the types of pleadings that are allowed to be filed). In short, there is no basis for the filing of this nonsensical affidavit, and the Court will strike it and close the case.

**IT IS THEREFORE ORDERED** that the affidavit filed in this miscellaneous proceeding (Doc. 1) is STRICKEN and that the case is CLOSED.